1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON (SBN 175650)
*ron@consumersadvocates.com*
ALEXIS M. WOOD (SBN 270200)
*alexis@consumersadvocates.com*
KAS L. GALLUCCI (SBN 288709)
*kas@consumersadvocates.com*
651 Arroyo Drive
San Diego, California 92103
Telephone:(619) 696-9006
Facsimile: (619) 564-6665

*Attorneys for Plaintiff and the Proposed Classes*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| MICAH WATKINS, on behalf of herself, and all others similarly situated,<br><br>          Plaintiff,<br><br>   v.<br><br>TAX RISE, INC.<br><br>          Defendant. | Case No.:<br><br><u>CLASS ACTION</u><br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §§ 227 *et seq.***<br><br><u>DEMAND FOR JURY TRIAL</u> |

# INTRODUCTION

Plaintiff Micah Watkins ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant Tax Rise, Inc. ("Tax Rise" or "Defendant"), in negligently, and/or willfully contacting Plaintiff through phone calls and text messages on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.*, ("TCPA"), thereby invading Plaintiff's privacy.  Plaintiff alleges as follows upon personal knowledge as to her own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## NATURE OF THE ACTION

1.      The TCPA strictly forbids nuisance phone calls and text messages exactly like those alleged in this Complaint – intrusive phone calls and text messages to private cellular phone, placed to numbers obtained without the prior express consent of the recipients.

2.      In a misguided effort to solicit business, Tax Rise routinely contacts individuals through mass telephone campaigns and text messaging with automatic telephone dialing equipment.  However, Tax Rise regularly makes these phone calls and sends these text messages to cellular telephones, without consent, let alone prior express written consent, in violation of the TCPA.

3.      Tax Rise's violations caused Plaintiff and members of the Classes to experience actual harm, included aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing phone calls and text messages, as well as the violation of their statutory rights.

4.      Plaintiff and members of the Classes suffered a concrete injury in fact, whether tangible or intangible, that is directly traceable to Defendant's conduct, and is likely to be redressed by a favorable decision in this action.

1

5.      Plaintiff seeks an injunction stopping Tax Rise from making unsolicited phone calls and from sending unsolicited text messages, as well as an award of statutory damages under the TCPA, together with costs and reasonable attorneys' fees.

## JURISDICTION AND VENUE

6.      This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*., a federal statute. *Mims v. Arrow Financial Services, LLC*, 132 S.Ct. 740, 751-53 (2012).   Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff seeks up to $1,500 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class number in the tens of thousands, exceeds the $5,000,000 threshold for federal court jurisdiction. Further, Plaintiff alleges national classes, which will result in at least one class member belonging to a different state than that of the Defendant, providing jurisdiction under 28 U.S.C. § 1332(d)(2)(A).  Therefore, both elements of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

7.      The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant has its principal place of business located at 19900 MacArthur Boulevard, No. 280, Irvine, California 92612, Defendant transacts significant amounts of business within this District, and the conduct and events giving rise to the claims occurred in this District.

## PARTIES

8.      Plaintiff Micah Watkins is, and at all times mentioned was, a resident of the State of Pennsylvania. She is, and at all times mentioned herein, was a "person" as defined by 47 U.S.C. § 153 (39).

9.      Defendant Tax Rise, Inc., is a California corporation, headquartered in Irvine, California, which provides tax resolution services.  Tax Rise is a "person" as defined by 47 U.S.C. § 153 (39).

## THE TELEPHONE CONSUMERS PROTECTION ACT OF 1991 ("TCPA") 47 U.S.C. §§ 227 *et seq.*

10.      In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA),[1] in response to a growing number of consumer complaints regarding certain telemarketing practices.

11.      The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers."  Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[2]

12.      As recognized by the Federal Communication Commission ("FCC") and the Courts, a text message is a call under the TCPA.  *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 955 (9th Cir. 2009).

13.      According to findings by the Federal Communications Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA).  The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. §§ 201 *et seq.*

[2] 47 U.S.C. § 227(b)(1)(A)(iii).

The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[3]

14.   One of the most bulk advertising methods employed by companies today involves the use of "Short Message Services" (or "SMS"), which is a system that allows for transmission and receipt of short text messages to and from wireless telephones.

15.   SMS text messages are directed to a wireless device through a telephone number assigned to the device.   When an SMS text message is successfully transmitted, the recipient's wireless phone alerts the recipient that a message has been received.   Because wireless telephones are carried on their owner's person, SMS text message are received virtually anywhere in the world.

16.   Unlike more conventional advertisements, SMS message advertisements can actually cost their recipients money because wireless phone users must pay their wireless service providers either for each text message they receive or incur a usage allocation deduction to their text messaging or data plan, regardless of whether the message is authorized.

17.   Moreover, the transmission of an unsolicited SMS text message to a cellular device is distracting and aggravating to the recipient; intrudes upon the recipient's seclusion; wastes a quantifiable amount of available data on the recipient's cellular device, thereby reducing its data storage capacity; temporarily reduces the available computing power and application processing speed on the recipient's device; diminishes the available battery power which shortens the battery life; and requires expending a quantifiable amount of energy (electricity) to recoup the battery power lost as a result of receiving such a message.

---

[3] *In Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd. 14014 (2003) ("2003 TCPA Order").

18.     The TCPA makes it "unlawful for any person within the United States ... (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice ... (iii) to any telephone number assigned to a ... cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

19.     "A person or entity" can bring a claim to recover the greater of actual damages or $500 for a violation of § 227(b)(1)(A)(iii). *Id.* § 227(b)(3). A court may award treble damages for a willful or knowing violation. *Id.*

20.     The TCPA defines "automatic telephone dialing systems" (ATDS) as follows: (1) The term 'automatic telephone dialing system' means equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers. *See* Pub. L. No. 102-243, § 227, 105 Stat. 2394, 2395.

21.     "[T]he statutory definition of ATDS is not limited to devices with the capacity to call numbers produced by a "random or sequential number generator," but also includes devices with the capacity to dial stored numbers automatically." *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1052 (9th Cir. 2018).

22.     Prior express consent is an affirmative defense on which Defendant bear the burden of proof.  The type of consent required depends on the content of the message.  If the message contains advertising or is telemarketing, the sender must have secured, prior to sending the message, the signature of the recipient in a written agreement that includes several specified disclosures. *See* 47 C.F.R. § 64.1200(f)(8).

23.     As of October 16, 2013, express **written** consent is required to make any such telemarketing calls.[4] The express written consent must be signed and be sufficient to show the consumer received clear and conspicuous disclosure of the

---

[4] *In Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd. 1830, 1837 ¶ 18, 1839 ¶ 20, 1858 ¶ 71 (2012) ("2012 FCC Order").

significance of providing consent and must further unambiguously agree to receive future phone calls.[5]

## COMMON FACTUAL ALLEGATIONS

24.    Tax Rise provides tax resolution services.

25.    Tax Rise places phone calls and sends text messages to consumers without having the necessary prior express written consent to do so in violation of the TCPA.

26.    One consumer complaint on the Better Business Bureau website, dated May 18, 2019, states, "I have been solicited by this company no less than 5 times. Every time they contracted me, I asked to be removed.  I have asked no less than 5 times for a copy of the opt in records.  I have never received them. Now they have sent solicitations to not only me, but my wife and 11yr old child.  This has been going on for more than a year." https://www.bbb.org/us/ca/irvine/profile/tax-negotiators/tax-rise-inc-1126-172021357/complaints (last visited on January 3, 2020).

27.    Another consumer complaint on the Better Business Bureau website, dated May 2, 2019, states "Due to your lack of knowledge of the law on this matter, and your refusal to stop spoofing Caller ID information, I have sent a formal complaint to the FCC." *Id.*

28.    Another consumer complaint on the Better Business Bureau website, dated February 26, 2019, states "THIS COMPANY HAS CALLED ME REPEATEDLY (AT LEAST 5 TIMES) AND ALTHOUGH I HAVE BEEN ASKED TO BE REMOVED FROM THEIR CALL LIST THEY CONTINUE TO CALL AT ALL HOURS OF THE DAY AND NIGHT. IN ADDITION I AM ON THE NO CALL LIST!" *Id.*

---

[5] 2012 FCC Order at 1844 ¶ 13.

29.     Another consumer complaint on the Better Business Bureau website, dated September 25, 2018, states "I should begin by saying that I am a consumer advocate by trade, and am thus, quite familiar with the Telephone Consumer Protection Act, and the Telemarking Sales Rule, including the statutory penalties made available by private rights of action for both……I have been receiving a number of unsolicited calls and text messages from this company, trying to solicit their services.  At no point did I ever request contact from them, or give the express, prior, written consent request by federal law from them to contact me with the automated dialing systems that they are using to make these solicitations…. I am committed to seeing to it that these call and text messages stop.  Not only to me, but to the thousands of other people who are relentlessly annoyed with this type of marketing…." *Id.*

30.     Tax Rise makes these unsolicited phone calls and places these unsolicited text message calls using equipment that has the capacity to store or produce telephone numbers, and to dial such numbers, without any need for human intervention.

31.     These unsolicited phone calls and text messages placed to wireless telephones were placed *via* an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1) and by using "an artificial or prerecorded voice" system as prohibited by 47 U.S.C. § 227 (b)(1)(A), which had the capacity to produce or store numbers randomly or sequentially, and to dial such numbers, to place phone calls and text messages to consumers' cellular telephone.

32.     The TCPA was intended to give individuals control over how and where they receive calls and text messages.  When Tax Rise places phone calls and text message calls to consumers without their consent, it fails to address or respect the limitations imposed by the TCPA.  In doing so, it takes control away from the consumers and violates both the spirit and the letter of the TCPA.

33.     Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute.

## FACTS SPECIFIC TO PLAINTIFF

34.     On or around November 2019, Plaintiff began receiving unsolicited promotions phone calls from Tax Rise from the number 717-536-4567, and other local 717 phone numbers, to her wireless phone ending in the number 6648, for which Plaintiff provided no consent to call, in an attempt to solicit her business.

35.     The phone calls Plaintiff received featured an automated voice.

36.     During one of the calls Plaintiff pressed one to be connected to a live representative who informed that the robocalls were from a company called Tax Rise.

37.     On or around November 5, 2019, Plaintiff also began receiving unsolicited, promotional text messages from Tax Rise to her wireless phone ending in the number 6648, for which Plaintiff provided no consent to text, in an attempt to solicit her business.

38.     Defendant utilized the SMS Code 675-63 to send promotional text messages to Plaintiff.  This number is owned or leased by Tax Rise.

39.     The unsolicited phone calls and text messages Tax Rise sent to Plaintiff on her mobile telephone were solicitations for tax relief services.

40.     On November 5, 2019, Plaintiff received the following unsolicited text message from Tax Rise:

> Tax Rise: Find out why we are the fastest growing tax relief company in the US. Call 949-503-0018 to start working with a qualified tax specialist.

41.     On November 21, 2019, Plaintiff received the following unsolicited text message from Tax Rise:

> Hello, you are still looking to apply for government aid for your tax dues? Please give me a call at 949-503-0018. Reply out to opt out.

42.     On November 27, 2019, Plaintiff received the following unsolicited text message from Tax Rise:

> Thanksgiving is around the corner! Call 949-503-0053 have a worry free holiday knowing your taxes are taken care of. Reply out to opt out.

43.     Plaintiff has never done business with Defendant and has never provided Defendant her phone number or consented to phone calls or text message calls from Defendant on her mobile telephone.

44.     These unsolicited and promotional phone calls and text messages placed to Plaintiff's mobile telephone were placed via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1), which had the capacity to produce or store numbers randomly or sequentially, and to place telephone calls and/or text message calls to Plaintiff's cellular telephone by dialing such numbers.

45.     The unsolicited and promotional text messages placed to Plaintiff's mobile telephone also featured a prerecorded voice as the text messages were pre-populated with uniform text.

46.     The telephone number that Defendant, or its agents, called and texted was assigned to a cellular telephone service for which Plaintiff incurred a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

47.     These phone calls and text messages constitute calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

48.     Plaintiff did not provide Defendant or its agents prior express consent to receive unsolicited phone calls or unsolicited text messages pursuant to 47 U.S.C. § 227 (b)(1)(A) and/or has revoked any alleged prior express consent.

49.     These phone calls and text messages by Defendant or its agents therefore violated 47 U.S.C. § 227(b)(1).

## CLASS ACTION ALLEGATIONS

50.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of herself and on behalf of and all others similarly situated ("the Classes").

51.     **Phone Call Class:** Plaintiff represents, and is a member of the Phone Call Class, consisting of all persons within the United States who received any unsolicited, promotional phone calls from Defendant or its agents on their cellular telephones through the use of any automatic telephone dialing system as set forth in 47 U.S.C. § 227(b)(1)(A)(3) or featuring prerecorded voice messages, which phone calls by Defendant or its agents were not made for emergency purposes or with the recipients' prior express consent, within four years prior to the filing of this Complaint through the date of final approval.

52.     **Text Message Class:** Plaintiff represents, and is a member of the Text Message Class, consisting of all persons within the United States who received any unsolicited, promotional text message from Defendant or its agents on their cellular telephones through the use of any automatic telephone dialing system as set forth in 47 U.S.C. § 227(b)(1)(A)(3) or featuring prerecorded voice messages, which text messages by Defendant or its agents were not made for emergency purposes or with the recipients' prior express consent, within four years prior to the filing of this Complaint through the date of final approval.

53.     Defendant and its employees or agents are excluded from the Classes. Plaintiff does not know the number of members in the Classes, but believes members number in the hundreds of thousands, if not more.  Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

54.     Plaintiff and members of the Classes were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its

agents, illegally contacted Plaintiff and members of the Classes via their cellular telephones by using unsolicited promotional phone calls and text messages, thereby causing Plaintiff and members of the Classes to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and members of the Classes previously paid, and invading the privacy of said Plaintiff and the members of the Classes. Plaintiff and the members of the Classes were damaged thereby.

55.    This suit seeks only statutory damages and injunctive relief for on behalf of the Classes and it expressly is not intended to request any recovery for personal injury and claims related thereto.  Plaintiff reserves the right to expand the Class definitions to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

56.    The joinder of the members of the Classes are impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court.  The Classes can be identified through Defendant's records or Defendant's agents' records.

57.    There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  The questions of law and fact to the Classes predominate over questions which may affect individual members of the Classes, including the following:

      a.   Whether, within the four years prior to the filing of this Complaint through the date of final approval, Defendant or its agents made promotional phone calls without the recipients' prior express consent (other than a text message made for emergency purposes or made with the prior express consent of the called party) to a Phone Call Class member using any automatic telephone dialing system, to any telephone number assigned to a cellular telephone service;

      b.   Whether, within the four years prior to the filing of this Complaint through the date of final approval, Defendant or its agents sent

11

promotional text messages without the recipients' prior express consent (other than a text message made for emergency purposes or made with the prior express consent of the called party) to a Text Message Class member using any automatic telephone dialing system, to any telephone number assigned to a cellular telephone service;

c.  Whether the equipment Defendant, or its agents, used to make the phone calls in question was an automatic telephone dialing system as contemplated by the TCPA;

d.  Whether the equipment Defendant, or its agents, used to send the text messages in question was an automatic telephone dialing system as contemplated by the TCPA;

e.  Whether Defendant, or its agents, systematically made promotional phone calls to persons who did not previously provide Defendant with their prior express consent to receive such phone calls;

f.  Whether Defendant, or its agents, systematically sent promotional text messages to persons who did not previously provide Defendant with their prior express consent to receive such text messages;

g.  Whether Plaintiff and the Classes were damaged thereby, and the extent of damages for such violation; and

h.  Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

58.  As a person that received at least one unsolicited promotional phone call and one unsolicited promotional text message to her cellular telephone without prior express contest, Plaintiff is asserting claims that are typical of the Classes. Plaintiff will fairly and adequately represent and protect the interests of the Classes in that Plaintiff has no interest antagonistic to any member of the Classes.

59.  Plaintiff and the members of the Classes have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class

*Watkins v. Tax Rise, Inc.*
CLASS ACTION COMPLAINT

1    action, the Classes will continue to face the potential for irreparable harm.  In
2    addition, these violations of law will be allowed to proceed without remedy and
3    Defendant will likely continue such illegal conduct.  Because of the size of the
4    individual Class member's claims, few, if any, members of the Classes could afford
5    to individually seek legal redress for the wrongs complained of herein.

6        60.    A class action is a superior method for the fair and efficient adjudication
7    of this controversy because joinder of all parties is impracticable.  Class-wide
8    damages are essential to induce Defendant to comply with federal law.  The interest
9    of members of the Classes in individually controlling the prosecution of separate
10   claims against Defendant is small because the maximum statutory damages in an
11   individual action for violation of privacy are minimal, especially given the burden
12   and expense of individual prosecution of the complex litigation necessitated by
13   Defendant's actions. Thus, it would be virtually impossible for the individual
14   members of the Classes to obtain effective relief from Defendant's misconduct. Even
15   if members of the Classes could sustain such individual litigation, it would still not
16   be preferable to a class action because individual litigation would increase the delay
17   and expense to all parties due to the complex legal and factual controversies
18   presented in this Complaint. By contrast, a class action presents far fewer
19   management difficulties and provides the benefits of single adjudication, economy
20   of scale, and comprehensive supervision by a single Court. Economies of time, effort
21   and expense will be fostered and uniformity of decisions ensured.

22       61.    Defendant has acted on grounds generally applicable to the Classes,
23   thereby making appropriate final injunctive relief and corresponding declaratory
24   relief with respect to the Classes as a whole.

25
26
27
28

13

1
2
3

# COUNT 1

## NEGLIGENT VIOLATIONS OF THE TCPA
### 47 U.S.C. §§ 227 ET SEQ.

4
5

62.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

6
7
8
9
10
11
12
13

63.    Each such telephone call was made using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers. By using such equipment, Defendant was able to effectively make thousands of phone calls simultaneously to lists of thousands of wireless phone numbers of consumers without human intervention.  These telephone calls were made without the prior express consent of the Plaintiff and other members of the Phone Call Class to receive such telephone calls.

14
15
16
17

64.    Defendant made unauthorized automated text message calls using an automatic telephone dialing system or prerecorded voice to the cellular telephone number of Plaintiff and the other members of the Text Message Class without their prior express written consent.

18
19
20
21
22
23
24

65.    These text message calls were made *en masse* using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers.  By using such equipment, Defendant was able to send thousands of text messages simultaneously to thousands of consumers' cellphones without human intervention.   These text messages are analogous to a prerecorded voice made without the prior express consent of the Plaintiff.

25
26
27

66.    The foregoing acts and omissions of Defendant and its agents constitute multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

28

67.    As a result of Defendant's, and Defendant's agents', negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

68.    Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## COUNT 2

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA
### 47 U.S.C. §§ 227 *ET SEQ.*

69.    Plaintiff incorporates by reference paragraphs 1-61 of this Complaint as though fully stated herein.

70.    Each such telephone call was made using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers. By using such equipment, Defendant was able to effectively make thousands of phone calls simultaneously to lists of thousands of wireless phone numbers of consumers without human intervention.  These telephone calls were made without the prior express consent of the Plaintiff and other members of the Phone Call Class to receive such telephone calls.

71.    Defendant made unauthorized automated text message calls using an automatic telephone dialing system or prerecorded voice to the cellular telephone number of Plaintiff and the other members of the Text Message Class without their prior express written consent.

72.    These text message calls were made *en masse* using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers.  By using such equipment, Defendant was able to send thousands of text messages simultaneously to thousands of consumers' cellphones without human

intervention.   These text messages are analogous to a prerecorded voice made without the prior express consent of the Plaintiff.

73.     The foregoing acts and omissions of Defendant constitutes multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §§ 227 *et seq*.

74.     As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and the Classes are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

75.     Plaintiff and the Classes are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiff respectfully requests the Court to grant Plaintiff and the Classes the following relief against Defendant:

### FIRST COUNT FOR NEGLIGENT VIOLATION OF THE TCPA
### 47 U.S.C. §§ 227 *ET SEQ.*

76.     As a result of Defendant's, and Defendant's agents', negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Phone Call Class member and each Text Message Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

77.     Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

### SECOND COUNT FOR KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA
### 47 U.S.C. §§ 227 *ET SEQ.*

78.     As a result of Defendant's, and Defendant's agents', willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Phone Call Class member and each Text Message Class member treble damages, as

16

provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

79.     Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

\* \* \*

80.     Any other relief the Court may deem reasonable, just and proper.

### JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

### DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that Defendant take affirmative steps to preserve all text messages, recordings, data, emails, documents and all other tangible things that relate to the allegations herein, Plaintiff or the putative class members, or the sending of text messages, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with Plaintiff or the account in question, and any account or number or symbol relating to any of them. These materials are very likely relevant to the litigation of this claim. If Defendant is aware of any third party that has possession, custody or control of any such materials, Plaintiff demands that Defendant request that such third party also take steps to preserve the materials, and notify the undersigned of the circumstances immediately so that counsel may take appropriate action. This demand shall not narrow the scope of any independent document preservation duties of Defendant.


Dated:  January 7, 2020         *s/ Kas L. Gallucci*
                                By: Kas L. Gallucci
                                **LAW OFFICES OF RONALD A.**
                                **MARRON**
                                RONALD A. MARRON
                                ALEXIS M. WOOD

17

KAS L. GALLUCCI
651 Arroyo Drive
San Diego, California 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665

***Attorneys for Plaintiff
and the Proposed Classes***

*Watkins v. Tax Rise, Inc.*
CLASS ACTION COMPLAINT